# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| CLASSIC DOORS, INC. | : | DOCKET NO. 06-1313 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| ICT INSURANCE AGENCY, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## ORDER

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*.

One of the two named defendants in this matter is "Underwriters at Lloyd's London." This matter was removed to federal court by an Underwriter at Lloyd's London, Chaucer Non-Marine Syndicate 1096 ("the Chaucer Syndicate"). (Notice of Removal). However, an insured has no claim against a Syndicate for coverage under a Lloyd's policy. *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 865 (5th Cir. 2003).[1] Moreover, a Syndicate arguably does not even exist as an artificial entity. *Id*. (citations omitted). Instead, one or more of the Names on the policy is the proper defendant in this matter. *Id*. Although, a Syndicate can be comprised of a single Name, there is no allegation that the Chaucer Syndicate is so situated. *Corfield, supra*. In other

---

[1] A Syndicate is a group of underwriters or Names. *Corfield*, 355 F.3d at 858.

words, if the Chaucer Syndicate is a single-Name Syndicate, then its composition and citizenship have not been sufficiently alleged for purposes of diversity jurisdiction.[2] If the Chaucer Syndicate is a multi-name Syndicate, then arguably it is not a proper party to the case. *See, Corfield, supra*. If the Chaucer Syndicate is a single-Name Syndicate acting in representative capacity on behalf of other Names, then removing defendant may be required to allege the citizenship of all the other Names on the policy. *See, Corfield, supra*. Finally, removing defendant has not established that its percentage of exposure exceeds the jurisdictional minimum. *See, Corfield, supra*.

Accordingly, removing defendant is granted 11 days from today to file an amended notice of removal pursuant to 28 U.S.C. §1653 which establishes diversity jurisdiction between the parties. 28 U.S.C. § 1332. If defendant fails to so comply, or if jurisdiction is lacking, then remand will be recommended.

Also before the court is plaintiff's motion to remand. [doc. # 23]. One of the issues raised by the motion is whether plaintiff has any reasonable possibility of recovery against the non-diverse defendant. The Fifth Circuit has noted that, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

Accordingly, parties are hereby notified that if, *and only if*, we find that plaintiff has no possibility of recovery against the non-diverse defendant, then we will also enter summary judgment in favor of said defendants. On, or before December 18, 2006, the parties may submit

---

[2] In its Notice of Removal, the Chaucer Syndicate alleges only that it is a "foreign business entity formed under the laws of the United Kingdom with its principal place of business in the United Kingdom." (Notice of Removal, ¶ 10). The nature of the entity is not specified.

any additional briefs and/or competent summary judgment evidence as to this issue.[3]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 1, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The court observes that plaintiff's petition does not appear to allege any claims against the removing defendant. (*See*, Petition). Thus, the parties shall further address whether dismissal of plaintiff's claims against the non-diverse defendant will also effectively dispose of all claims against the diverse party. *See*, *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*).