# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CLASSIC DOORS, INC. | : | DOCKET NO. 06-1313 |
| VS. | : | JUDGE MINALDI |
| ICT INSURANCE AGENCY, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On August 4, 2006, the above-captioned case was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On November 30, 2006, plaintiff filed a motion to remand the matter to state court due to incomplete diversity. On December 1, 2006, the court reviewed the notice of removal and observed that the composition and citizenship of the defendant Lloyds entity had not been sufficiently alleged for purposes of diversity jurisdiction. *See,* December 1, 2006, Order. Pursuant to 28 U.S.C. §1653, removing defendant was allotted 11 days from December 1, 2006, to file an amended notice of removal that properly established diversity jurisdiction. *Id.* The court noted that if defendant failed to so comply, or if jurisdiction was found to be lacking, then the case would be remanded to state court. *Id.* Approaching 30 days later, defendant has not filed an amended notice of removal. The matter is now before the court.

## Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests

on the party invoking the federal forum. *Id*. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*.

In the court's December 1, 2006, Order, removing defendant was notified that the notice of removal did not adequately set forth the parties' citizenship. *See*, *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853 (5th Cir. 2003). Defendant was afforded the opportunity to correct the deficient jurisdictional allegations, yet has not done so.[1] In the absence of the requisite jurisdictional facts, the record fails to establish diversity jurisdiction. Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction, and still fails to do so, dismissal (remand here) is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

For the foregoing reasons, the undersigned finds that removing defendant has not satisfied its burden of establishing the existence of federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. When subject matter jurisdiction is lacking in a removed case, remand is required. 28 U.S.C. § 1447(c).

Accordingly, it is RECOMMENDED that this matter be remanded to the 14th Judicial District for the Parish of Calcasieu, State of Louisiana.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

---

[1] During a telephone scheduling conference with court staff, defense counsel acknowledged that they would be unable to establish complete diversity.

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on January 4, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE